**True A. Miller, Appellee, v. P. M. Carney et al., Appellants.**

**Gen. No. 5,773. (Not to be reported in full.)**

Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Action by True A. Miller against P. M. Carney and others to recover for work performed. From a verdict for plaintiff for $99.50, defendant appeals.

E. E. HARDING, for appellants.

KIRK & SHURTLEFF, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 10*—*when properly denied.* A motion for continuance on account of the illness of a party is properly denied where it was not shown that the presence of such party was in-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

dispensable or that such party was to be a witness, and the affidavit in support of the motion did not show what was expected to be proved by such witness as required by statute.

2. APPEAL AND ERROR, § 592*—*when motion for new trial is necessary.* A motion for a new trial is necessary to preserve the question as to whether the evidence is sufficient to support the verdict where a case is tried by a jury.

3. NEW TRIAL, § 119*—*what is effect of motion.* Upon a motion for new trial where no written points are filed, all questions which could be heard upon such a motion are considered to be presented, but if the points are filed they constitute a waiver of all other points.

4. APPEAL AND ERROR, § 601*—*what is necessary for preservation of objections.* In order to render available an objection that a verdict is against the law and the evidence, as stated in a motion for new trial, it is also necessary to assign for error, on the record, the refusal of said motion.

5. APPEAL AND ERROR, § 604*—*what is necessary for preservation of errors in instructions.* Rulings on instructions are not preserved for review where no motion for new trial is interposed, and if such motion is interposed and points in writing are filed which do not object to rulings on instructions, such rulings are waived.